UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-006 |
| | ) | |
| MICHAEL CHANTZ STURDIVANT | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion "for 'compassionate release' under the CARES Act & Attny General Barr's April 3, 2020 Memorandum." [Doc. 545]. The Court finds that a response to the motion by the United States is unnecessary. For the reasons that follow, the motion will be denied.

### I. BACKGROUND

In January 2019, the Honorable Thomas W. Phillips sentenced the defendant to a term of 87 months' imprisonment for conspiring to distribute methamphetamine. The defendant is presently housed at FMC Lexington with a scheduled release date of September 22, 2023. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 16, 2020). He now moves for "Home Confinement, Ankle monitor, immediate release, or a reduction of my current sentence." As grounds, the defendant cites the present COVID-19 pandemic.

### II. CARES ACT / ATTORNEY GENERAL MEMORANDUM

As noted, the defendant's motion expressly relies on: (1) The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020); and (2) a memorandum issued by Attorney General William Barr.

As for the Barr memorandum, *see* Attorney General Memorandum for Director of Bureau of Prisons, https://www.justice.gov/file/1266661/download (last visited July 16, 2020), that document provides instructions for the Bureau of Prisons. It does not bestow any authority upon the courts.

Next, section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement. However, as with the Barr Memorandum, the CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. The Court therefore does not have power to grant relief under Section 12003 of the CARES Act.

For these reasons, the defendant's request for relief under the CARES Act and the Attorney General memorandum must be denied.

### III.  SECTION 3582

The defendant's motion also mentions "compassionate release." As such, the Court presumes that the defendant also seeks relief under 18 U.S.C. § 3582. Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

In this case, the Court finds that the defendant has not exhausted the administrative remedies specified in § 3582. Attached to his motion is an April 23, 2020 memorandum from his warden denying a request for "Home Confinement Review." That would refer to a request for home confinement <u>under the CARES Act</u>, which is wholly distinct from asking the Bureau of Prisons to file a compassionate release motion on his behalf under § 3582(c)(1)(A)(i). There is nothing in the present record documenting that the defendant has asked his warden to file a compassionate release motion.

It remains a defendant's burden to show that he has exhausted the administrative remedies specified in § 3582(c)(1)(a)(i). *See United States v. McDonald*, No. 94-cr-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020). That specific exhaustion requirement in § 3582(c)(1)(A)(i) "remains a mandatory condition" in this circuit. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). It is the defendant's responsibility to ask his warden to file a § 3582(c)(1)(A) motion on his behalf, and the defendant may not file a motion in this Court until after he has done so <u>and</u> not until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Because the defendant has not demonstrated his compliance with that exhaustion requirement, his compassionate release request in this Court must be denied and dismissed without prejudice.

## IV. CONCLUSION

To the extent that the defendant moves for home confinement under the CARES Act or the April 2020 Attorney General memorandum, his motion [doc. 545] is **DENIED**. To the extent that he moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), his motion [doc. 545] is **DENIED AND DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

4

Case 3:18-cr-00006-RLJ-DCP   Document 546   Filed 07/21/20   Page 4 of 4   PageID #: 4120