UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-006 |
| | ) | |
| MICHAEL CHANTZ STURDIVANT | ) | |

**MEMORANDUM AND ORDER**

Now before the Court is the defendant's renewed *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 552]. The United States has responded in opposition to the motion [doc. 559] and the defendant has replied. [Docs. 560, 561]. For the reasons that follow, the motion will be denied.

## I.     BACKGROUND

In January 2019, the Honorable Thomas W. Phillips sentenced the defendant to an 87-month term of imprisonment for conspiring to distribute methamphetamine. The defendant is presently housed at FMC Lexington with a projected release date of September 22, 2023. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 28, 2020). The defendant now seeks compassionate release due to the COVID-19 pandemic and his desire to help care for one of his minor children.

## II.    DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g., United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a

sentence reduction. *Id.* at *2 (citations omitted). Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider. *See id.* (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

In this case, the record demonstrates that the defendant has previously asked the BOP to file a compassionate relief motion on his behalf. [Doc. 552]. Thirty days have passed since that request was received by the warden of his facility. [*Id.*]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

#### 1. Extraordinary and Compelling Reasons

The Application Notes to guideline 1B1.13 provide, in material part:

1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

3

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. —

. . .

(C) Family Circumstances. —

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court construes the defendant's renewed motion as relying on subsections (A), (C), and (D). The defendant cites the COVID-19 pandemic and his daughter's daycare needs.

Fear of COVID-19 cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"). The defendant accordingly has not shown that subsection (A) of application note one to U.S.S.G. § 1B1.13 is satisfied in this case.

Nor has the defendant satisfied the requirements of subsection (C). In material part, that guideline policy statement is expressly restricted to "[t]he death or incapacitation of the caregiver of a defendant's minor child or children." As pointed out by the United States, the defendant's allegations do not meet that standard. In his motion, the defendant argues only that his daughter's mother "is an essential worker with no one to help her since the grandmother of my daughter passed away on 6/17/20." [Doc. 552, p. 1]. In his first reply, the defendant concedes that he "never alleged that the mother of his child has died or become incapacitated because she has not. . . . [B]oth child and mother need the support emotionally and more so financially." [Doc. 560, p. 5]. These concerns, while understandable, in no way approach the strict requirements of subsection (C)—that the child's caregiver has died or become incapacitated. The child's mother remains alive and working notwithstanding the

recent loss of the grandmother's assistance.  The defendant's stated desire to help care for his daughter, while admirable, is not grounds for compassionate release in this case.

Turning lastly to subsection (D) ("there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)"), the Court notes that there is presently a split of authority as to whether that "catch all" provision may be used by the courts or only by the BOP. *Compare United States v. Young*, No. 2:00-cr-00002-1, 2020 WL 1047815, at \*6 (M.D. Tenn. Mar. 4, 2020) (subsection (D) may be employed by the BOP or by the courts), *with United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, 2020 WL 2521273, at \*7 (E.D. Tenn. May 13, 2020) (BOP only).  This Court need not enter into that dispute today because, in any event, the reasons offered by the defendant do not constitute "extraordinary and compelling reasons."  Subsection (C) expressly limits the familial circumstances to which the policy statement applies.  As such, the "catch-all" subsection (D) should not be used to sidestep the policy statement's express familial limitations found in subsection (C).

## III. CONCLUSION

Having considered the issues raised by the defendant, individually and in combination, the Court does not find extraordinary and compelling reasons justifying the requested compassionate release. The defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 552] is therefore **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge